**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

|  |  |
|---|---|
| Khosrow Bakhshi,<br><br>     Petitioner,<br><br>v.<br><br>Warden, Folkston D Ray ICE Processing Center, *in his or her official capacity*; Kristen Sullivan, Acting Field Office Director, Atlanta Field Office, U.S. Immigration and Customs Enforcement, *in her official capacity*; Todd Lyons, Director, U.S. Immigration and Customs Enforcement, *in his official capacity*; Markwayne Mullin, Secretary, U.S. Department of Homeland Security, *in his official capacity*; and Todd Blanche, Acting Attorney General of the United States, *in his official capacity*<br><br>     Respondents. | Civil Action No. 26-698<br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

**PETITION FOR WRIT OF HABEAS CORPUS**

**PURSUANT TO 28 U.S.C. § 2241**

### I. INTRODUCTION

1.      Petitioner Khosrow Bakhshi ("Petitioner"), by and through undersigned counsel, respectfully brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE") at the Folkston D Ray ICE Processing Center in Folkston, Georgia. Petitioner is a native and citizen of Afghanistan who has been held in ICE custody in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment to the United States Constitution.

2.      On March 5, 2026, an Immigration Judge denied Petitioner's asylum application under the Circumvention of Lawful Pathways rule, granted Petitioner statutory withholding of removal under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), and granted CAT relief in the

alternative under 8 C.F.R. § 1208.16. Ex. 1 at 17. Those protections legally prohibit the Government from removing Petitioner to Afghanistan—the country designated for removal in the Immigration Court proceedings.

3.    Despite the grant of these protections, which render Petitioner's removal to Afghanistan unlawful, Petitioner remains detained more than two months later. On information and belief, no third country has yet been identified that is willing to accept Petitioner, and there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner's continued detention therefore serves no legitimate immigration purpose.

4.    Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Martinez*, 543 U.S. 371 (2005), detention under INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), may not continue indefinitely where removal is not significantly likely in the reasonably foreseeable future. Whether Respondents characterize Petitioner's continued detention as arising under INA § 241(a)(6) or under another asserted source of authority while BIA review remains pending, Petitioner's continued civil detention is unlawful because removal to Afghanistan is barred by law, no alternative country of removal has been identified, and continued detention no longer bears a reasonable relation to a legitimate immigration purpose. Petitioner respectfully requests that this Court grant the writ and order his immediate release under an order of supervision with appropriate conditions.

## II. JURISDICTION AND VENUE

5.    This Court has jurisdiction over this petition pursuant to 28 U.S.C. § 2241(a) and (c)(3), which authorizes federal district courts to grant writs of habeas corpus to persons held "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner is currently in ICE custody at the Folkston D Ray ICE Processing Center within the territorial jurisdiction of this Court.

6.     The Supreme Court has confirmed that 28 U.S.C. § 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention, including post-removal-period detention under INA § 241(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001) ("[S]tatutory changes [in immigration law] left habeas untouched as the basic method for obtaining review of continued custody after a deportation order becomes final.").

7.     Jurisdiction also exists under 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States. Additionally, the Suspension Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 2, guarantees the availability of habeas corpus to challenge unlawful detention.

8.     Venue is proper in this district and division under 28 U.S.C. § 2241(a) because Petitioner is confined within the Southern District of Georgia at the Folkston D Ray ICE Processing Center, located at 3262 GA-252, Folkston, Charlton County, Georgia 31537, which falls within the Waycross Division of this Court.

9.     This petition does not challenge the merits of the Immigration Judge's removability or asylum determinations and therefore is not subject to the jurisdictional limitations of INA § 242, 8 U.S.C. § 1252. Rather, Petitioner challenges only his continued custody—a claim that lies within this Court's habeas jurisdiction. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Ambrosi v. Warden of Folkston ICE Processing Ctr.*, No. 5:25-CV-13, 2025 WL 2772500 (S.D. Ga. Sept. 29, 2025) (granting habeas relief under § 2241 to a detainee at Folkston D Ray ICE Processing Center who had withholding protections).

### III. PARTIES

10.     Petitioner Khosrow Bakhshi is a native and citizen of Afghanistan who is currently detained in ICE custody at the Folkston D Ray ICE Processing Center located at 3262 GA-252, Folkston, Charlton County, Georgia 31537.

11.     Petitioner's alien registration number is A221-394-565.

12.     Petitioner has remained in DHS custody during these removal proceedings and was in DHS custody at Folkston, Georgia, when DHS issued the Notice to Appear on October 17, 2025. Ex. 2 at 1.

13.     On March 5, 2026, an Immigration Judge denied Petitioner's asylum application under the Circumvention of Lawful Pathways rule, but granted Petitioner statutory withholding of removal under INA § 241(b)(3)(A), and granted CAT relief in the alternative under 8 C.F.R. § 1208.16. Ex. 1 at 17.

14.     Petitioner timely appealed the denial of asylum to the Board of Immigration Appeals ("BIA"). The BIA acknowledged receipt of the appeal on March 24, 2026, reflecting a filing date of March 22, 2026. Ex. 3 at 1. The appeal concerns the denial of asylum under the Circumvention of Lawful Pathways rule; the Immigration Judge's withholding protections continue to prohibit the Government from executing the removal order by removing Petitioner to Afghanistan unless and until those protections are lawfully altered.

15.     Respondent Warden, Folkston D Ray ICE Processing Center, is the custodian with immediate physical custody over Petitioner in Folkston, Georgia, and is sued in his or her official capacity. The Warden is the proper immediate custodian respondent under 28 U.S.C. § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the "default rule" is that the proper respondent in a habeas action is "the warden of the facility where the prisoner is being held").

16.     Respondent Acting Field Office Director, Atlanta Field Office, U.S. Immigration and Customs Enforcement, has supervisory authority over Petitioner's detention and custody decisions, including the authority to release Petitioner from detention under an order of supervision, and is sued in his or her official capacity.

17.     Respondent Director, U.S. Immigration and Customs Enforcement, exercises authority over the enforcement of immigration laws and the detention of noncitizens nationwide,

including any detention and post-order custody decisions that Respondents may assert govern Petitioner's confinement, and is sued in his or her official capacity.

18.     Respondent Secretary, U.S. Department of Homeland Security, is the head of the executive department responsible for the administration and enforcement of immigration laws, including the statutory and regulatory authority governing Petitioner's detention and any asserted post-order custody authority, and is sued in his or her official capacity.

19.     Respondent Acting Attorney General of the United States is the head of the U.S. Department of Justice, which includes the Executive Office for Immigration Review ("EOIR"), the agency responsible for adjudicating immigration cases through immigration courts and the BIA. The Acting Attorney General is sued in his or her official capacity.

## IV. STATEMENT OF FACTS

### A. Petitioner's Background

20.     Khosrow Bakhshi is a native and citizen of Afghanistan. Petitioner was born on July 23, 1991, and is currently 34 years old.

21.     Petitioner sought protection from removal based on his fear of persecution and/or torture at the hands of the Taliban.

22.     DHS initiated removal proceedings by issuing a Notice to Appear on October 17, 2025, after an asylum officer found that Petitioner had demonstrated a credible fear of persecution or torture.

23.     The Notice to Appear charged Petitioner as inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), based on allegations that on or about February 3, 2025, he entered the United States at or near San Ysidro, California, without inspection and without being admitted or paroled. Ex. 2 at 1. DHS later lodged an additional charge under INA §

212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), by Form I-261 dated November 3, 2025. Ex. 1 at 2.

24. In a written decision dated March 5, 2026, the Immigration Judge found Petitioner only partially credible and entered an adverse credibility finding as to parts of his testimony, but nevertheless held that the corroborating record and country-conditions evidence established that Petitioner has a well-founded fear of future persecution in Afghanistan on account of a cognizable particular social group defined as "Panjshiri Tajik Afghan who worked with and for the United States military during the Afghan war." The Immigration Judge found that Petitioner had not established past persecution, but further found that the Taliban "has personally targeted Respondent," "is actively looking for him," and that "it is not reasonable to expect Respondent to escape the Taliban anywhere in Afghanistan" because "the Taliban controls all of Afghanistan." Ex. 1 at 16–17. The court therefore granted withholding of removal under INA § 241(b)(3)(A), and granted CAT relief in the alternative.

25. Petitioner remained detained during the merits proceedings and continues to be held at the Folkston D Ray ICE Processing Center.

**B. Immigration Proceedings**

26. Petitioner applied for asylum under INA § 208, 8 U.S.C. § 1158; withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); and protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16–1208.18.

27. On March 5, 2026, the Immigration Court denied Petitioner's application for asylum under the Circumvention of Lawful Pathways rule, granted Petitioner statutory withholding of removal under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), and granted CAT relief in the alternative under 8 C.F.R. § 1208.16. Ex. 1 at 17. A copy of the Immigration Judge's decision is attached hereto as Ex. 1.

28.     The Immigration Judge designated Afghanistan as the country of removal, ordered Petitioner removed to Afghanistan, and simultaneously ordered that Petitioner's removal to Afghanistan be withheld under INA § 241(b)(3)(A) and 8 C.F.R. § 1208.16. Ex. 1 at 17. The decision further found that Petitioner has a well-founded fear of future persecution in Afghanistan based on a cognizable particular social group, that the Taliban has personally targeted him and is actively looking for him, and that internal relocation within Afghanistan would not be reasonable. Ex. 1 at 15–17.

29.     The charges of inadmissibility in the proceedings were INA § 212(a)(6)(A)(i), as set forth in the Notice to Appear, and INA § 212(a)(7)(A)(i)(I), as later added by Form I-261. Ex. 1 at 2. The Immigration Judge sustained those charges and designated Afghanistan as the country of removal.

30.     Petitioner timely appealed the denial of asylum to the Board of Immigration Appeals ("BIA"). The BIA acknowledged receipt of the appeal on March 24, 2026, reflecting a filing date of March 22, 2026. Ex. 3 at 1. Petitioner remains subject to the Immigration Judge's order directing removal to Afghanistan, but that order cannot presently be executed to Afghanistan because of the withholding protections granted by the Immigration Judge. Ex. 1 at 17.

31.     Petitioner is subject to an order directing removal. However, the withholding of removal protections prohibit the Government from executing that order by removing Petitioner to Afghanistan, and, on information and belief, no alternative country of removal has yet been identified.

### C. Continued Detention

32.     Despite the Immigration Judge's March 5, 2026 order withholding Petitioner's removal to Afghanistan, Petitioner remains detained at the Folkston D Ray ICE Processing Center in Folkston, Georgia.

33.     Respondents have continued to detain Petitioner under their asserted immigration detention authority while removal remains the stated objective. Whether detention is presently characterized under INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), or under another asserted source of authority during the pendency of BIA review, the Government may not continue detention indefinitely where removal is not significantly likely in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 699–701.

34.     As of the filing of this petition, Petitioner has been detained for more than two months following the Immigration Judge's March 5, 2026 grant of withholding protection. DHS formally continued that detention on May 16, 2026, when Deportation Officer E. Pensack, identified on the form as "(A) SDDO" in Folkston, Georgia, issued a Notice of Custody Determination stating that, pending a final administrative determination in Petitioner's case, Petitioner would remain "[d]etained by the Department of Homeland Security." Ex. 5 at 1.

35.     The Notice of Custody Determination further states that Petitioner may request review of that custody determination by an Immigration Judge, but the copy presently available to counsel does not show a completed selection indicating whether Petitioner requested or declined such review. Ex. 5 at 1.

36.     On information and belief, the Government has not identified any third country willing to accept Petitioner. On information and belief, the Government has not made significant or meaningful efforts to identify an alternative country for Petitioner's removal pursuant to INA § 241(b)(2), 8 U.S.C. § 1231(b)(2).

37.     Petitioner has cooperated with requests from ICE, including by providing requested documentation, and has not materially impeded removal efforts.

38.     Petitioner has no criminal history.

39.    On information and belief, Petitioner has family in the United States who will provide housing and support upon his release, specifically Mr. Salem Alemi, Petitioner's cousin, residing at 2119 Capitol Ave., Apt. 3315, West Sacramento CA 95691-1810.

40.    According to Petitioner, he is presently suffering from an infection and an open wound on his buttocks that requires evaluation and treatment by an appropriate specialist. Petitioner further reports that, despite the seriousness of this condition, Folkston has not provided access to the specialist care necessary to diagnose and properly treat the infection and open wound. On information and belief, Petitioner's medical condition is painful, ongoing, and at risk of worsening while he remains detained without adequate care.

41.    Petitioner reports that he has repeatedly requested evaluation and treatment for this condition, but has not received the basic medical care he seeks.

42.    Counsel has submitted an OPR/ODO complaint concerning Petitioner's reported medical neglect at Folkston, which further corroborates the seriousness of his reported condition and the ongoing nature of the medical-care concerns. See Ex. 4.

43.    Petitioner's continued detention serves no legitimate immigration purpose because his removal is not reasonably foreseeable. The Government is legally barred from removing Petitioner to Afghanistan, and, on information and belief, no third country has agreed to accept him. On the present record, there is no realistic prospect that either of these circumstances will change in the reasonably foreseeable future.

## V. PROCEDURAL HISTORY

44.    DHS issued a Notice of Custody Determination dated May 16, 2026, stating that, pending a final administrative determination in Petitioner's case, Petitioner would remain detained by the Department of Homeland Security. Ex. 5 at 1. The form advises that Petitioner may request review of that custody determination by an Immigration Judge. Id. The copy presently available

to counsel does not show a completed election indicating whether Petitioner did or did not request Immigration Judge review. Id.

45. Upon information and belief, Petitioner has not received any custody review that meaningfully addresses whether continued detention is justified in light of the legal bar on removal to Afghanistan and the lack of a reasonably foreseeable alternative destination. The May 16, 2026 Notice of Custody Determination simply checked that Petitioner would remain detained pending a final administrative determination and does not reflect any individualized analysis of the foreseeability of removal, any identified third country, or whether conditions short of detention would suffice. Ex. 5 at 1.

46. Petitioner has exhausted, or should be deemed to have exhausted, administrative remedies available to challenge his continued detention. To the extent DHS may contend that the May 16, 2026 Notice of Custody Determination afforded an avenue for Immigration Judge review, exhaustion should not bar relief here because the present copy of the form does not show a completed election, and any such review would not provide a meaningful mechanism for resolving the legal basis of continued detention where removal to the designated country is barred, no alternative country of removal has been identified, and removal is not significantly likely in the reasonably foreseeable future.

47. Petitioner has not sought a bond hearing in Immigration Court, and any such hearing would in any event likely be an inadequate remedy.

> To the contrary, the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore. As a result, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, ... and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through post-hoc justifications." Given this reality, the Court will order Singh's immediate release.

*Singh v. Valdez*, No. 26-CV-1109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026) (quoting

*Zheng v. Rokosky*, No. 26-CV-01689, 2026 WL 800203, at *11 (D.N.J. Mar. 23, 2026)). Given

this reality, Petitioner requests immediate release from custody.

48.    This is Petitioner's first petition for habeas corpus relief relating to his current

detention.

## VI. LEGAL CLAIMS

***Claim I: Petitioner's Continued Detention Is Unlawful Under INA § 241(a)(6), If Applicable,
and Under the Reasonableness Limits Recognized in Zadvydas and Clark***

49.    To the extent Respondents contend that Petitioner's detention is governed by INA

§ 241(a)(6), 8 U.S.C. § 1231(a)(6), that provision does not authorize indefinite civil detention.

Under the Supreme Court's construction of the statute, detention under § 1231(a)(6) is limited to

a period reasonably necessary to effectuate removal and may not continue where removal is not

significantly likely in the reasonably foreseeable future.

50.    In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that INA §

241(a)(6) "does not permit indefinite detention" but instead "limits an alien's post-removal-period

detention to a period reasonably necessary to bring about that alien's removal from the United

States." *Id.* at 689. The Court construed the statute to contain an implicit "reasonable time"

limitation to avoid serious constitutional concerns under the Due Process Clause of the Fifth

Amendment. *Id.* at 682, 689–90.

51.    The Supreme Court established a presumptive six-month period of reasonableness:

"[A]fter this 6-month period, once the alien provides good reason to believe that there is no

significant likelihood of removal in the reasonably foreseeable future, the Government must

respond with evidence sufficient to rebut that showing." *Id.* at 701.

52.     In *Clark v. Martinez*, 543 U.S. 371 (2005), the Supreme Court extended the *Zadvydas* framework to inadmissible aliens, holding that § 1231(a)(6) "authorizes detention of aliens only for 'a period reasonably necessary to bring about [the] alien's removal from the United States,'" and that "'six months is a presumptively reasonable period of detention.'" *Id.* at 378 (quoting *Zadvydas*, 533 U.S. at 701). The Court emphasized that the statutory language does not permit different interpretations depending on the category of alien; the same implicit limitation on detention duration applies to all persons detained under § 1231(a)(6). *Id.* at 378–80.

53.     Petitioner has been detained for more than two months since the Immigration Judge's March 5, 2026 order granting withholding of removal. Although the presumptively reasonable six-month period identified in *Zadvydas* provides the governing benchmark, Petitioner already has good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future because removal to Afghanistan is barred by law and, on information and belief, no alternative country of removal has been identified.

54.     Petitioner can demonstrate good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future based on the following independently sufficient grounds:

   a. The Government is *legally prohibited* from removing Petitioner to Afghanistan because the Immigration Judge's March 5, 2026 order expressly provides that Petitioner "shall be REMOVED to Afghanistan," but that his "Removal to Afghanistan shall be WITHHELD" under INA § 241(b)(3)(A), and further grants CAT relief in the alternative under 8 C.F.R. § 1208.16. Ex. 1 at 17. The designated country of removal is therefore legally unavailable unless and until the Government lawfully reopens or otherwise alters that protection order.

   b. On information and belief, no third country has yet been identified that is willing to accept Petitioner. On the present record, Respondents have not identified any diplomatic or logistical pathway that would make removal to an alternative country realistically foreseeable.

   c. As a practical matter, the identification of a willing third country for removal of individuals with withholding protections appears to be exceedingly rare. Petitioner is not alleged in the immigration record to be a citizen or national of any country

other than Afghanistan, and there is no known country with an obligation or agreement to accept him.

55.     The grant of withholding of removal creates a substantial legal barrier to removal that distinguishes this case from ordinary detention cases. Unlike cases where removal is merely delayed by logistical difficulties or temporary diplomatic obstacles, here the Government is prohibited by law from executing the removal order to the designated country unless and until the protection order is lawfully altered or removal to another country becomes legally and practically available.

56.     Courts have recognized that the grant of withholding of removal, combined with the absence of any viable third country, renders removal not significantly likely in the reasonably foreseeable future. *See* e.g., *Ambrosi v. Warden of Folkston ICE Processing Ctr.*, No. 5:25-CV-13, 2025 WL 2772500 (S.D. Ga. Sept. 29, 2025) (granting § 2241 habeas petition and ordering release of a detainee at Folkston D Ray ICE Processing Center with withholding protections where removal was not reasonably foreseeable); *see also Sied v. Nielsen*, No. 18-cv-0067, 2018 WL 1142202 (N.D. Cal. Mar. 2, 2018) (ordering release of a noncitizen with withholding of removal under the *Zadvydas* framework); *cf. Guerra v. Shanahan*, 831 F.3d 59, 62–64 (2d Cir. 2016) (applying *Zadvydas* to post-removal-period detention and requiring a showing of a significant likelihood of removal).

57.     If and when the burden shifts under *Zadvydas*, the Government will be required to rebut Petitioner's showing with evidence of a significant likelihood of removal in the reasonably foreseeable future. On the present record, the Government has identified no realistic alternative destination and no concrete basis to conclude that any third country will agree to accept Petitioner in the reasonably foreseeable future.

58.     The process for identifying and effectuating removal to an alternative country under INA § 241(b)(2), 8 U.S.C. § 1231(b)(2), is legally and practically complex. On the present record,

Respondents have provided no indication that they have identified a realistic alternative destination or that removal to such a destination is significantly likely in the reasonably foreseeable future.

59.     Accordingly, to the extent Petitioner's detention is governed by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), continued detention is not authorized under *Zadvydas* and *Clark*. And regardless of the precise statutory label Respondents invoke while BIA review remains pending, Petitioner's continued civil detention is unlawful because removal is not significantly likely in the reasonably foreseeable future and detention no longer bears a reasonable relation to a legitimate immigration purpose.

60.     Petitioner is entitled to release from custody under an order of supervision with reasonable conditions pursuant to INA § 241(a)(3), 8 U.S.C. § 1231(a)(3), and 8 C.F.R. § 241.5.

### Claim II: Petitioner's Continued Detention Violates the Due Process Clause of the Fifth Amendment

61.     The Due Process Clause of the Fifth Amendment to the United States Constitution provides that no "person" shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This protection extends to all persons within the United States, including noncitizens, regardless of their immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

62.     Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—"lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Civil detention is constitutionally permissible only where it bears a reasonable relation to a legitimate governmental purpose. *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972); *Zadvydas*, 533 U.S. at 690; *Foucha v. Louisiana*, 504 U.S. 71, 79–80 (1992) (due

process requires that the nature and duration of civil commitment bear some reasonable relation to its purpose).

63.    To the extent Respondents justify Petitioner's continued detention by reference to effectuating removal, that regulatory interest becomes attenuated where removal is not significantly likely in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 690, 697. When continued civil detention no longer bears a reasonable relation to a legitimate governmental objective, it becomes arbitrary and violates substantive due process. *See Jackson*, 406 U.S. at 738; *Zadvydas*, 533 U.S. at 690.

64.    The Supreme Court has consistently held that the Government may not use civil detention as a mechanism for indefinite imprisonment. *See Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) (civil commitment must be linked to a legitimate, non-punitive purpose); *Foucha*, 504 U.S. at 80 (a State "has no such interest" in confining individuals "who are not combating insanity and are not dangerous"). Detention that has no foreseeable end and serves no regulatory purpose is constitutionally indistinguishable from punishment.

65.    On the present record, Petitioner's continued detention has become unreasonable because there is no significant likelihood of removal in the reasonably foreseeable future. The legal prohibition on removal to Afghanistan, coupled with the absence of any identified alternative country, means that Petitioner's detention presently lacks a realistic endpoint tied to effectuating removal. If those circumstances remain unchanged, his continued imprisonment violates substantive due process.

66.    Petitioner's continued detention also violates procedural due process. The process actually afforded here—including the May 16, 2026 Notice of Custody Determination—does not provide adequate procedural protections. The form merely states that Petitioner will remain detained pending a final administrative determination and advises that he may request Immigration

Judge review; it does not reflect a hearing before a neutral and detached judicial officer, does not require the Government to bear the burden of justifying continued detention, does not provide for representation by counsel or the ability to present and confront evidence, and leaves the custody decision in the hands of DHS rather than an independent adjudicator. Ex. 5 at 1.

67. Due process requires, at minimum, that a person subject to indefinite civil detention receive a hearing before a neutral decision-maker at which the Government bears the burden of justifying continued detention by clear and convincing evidence. *See Addington v. Texas*, 441 U.S. 418, 425–27 (1979); *Foucha*, 504 U.S. at 81–82. The administrative review process afforded to Petitioner fails to meet these minimum constitutional requirements.

68. Petitioner does not pose a danger to the community and is not a flight risk. Petitioner has cooperated with ICE directives, has no criminal history, and has family in the United States that will provide support and increase the likelihood of compliance with conditions of release.

69. Even if the Government could articulate some interest in continued detention beyond effectuating removal, such as dangerousness or flight risk, those interests can be adequately addressed through conditions of supervised release, including reporting requirements, electronic monitoring, and other conditions available under an order of supervision. *See* 8 C.F.R. § 241.5.

### *Claim III: Inadequate Medical Care Violates the Fifth Amendment and Requires Release*

70. Petitioner's continued detention is independently unconstitutional because he is a civil immigration detainee who is wholly dependent on the Government for necessary medical care, yet, according to Petitioner, Respondents have not provided constitutionally adequate treatment for his reported serious medical condition—an infection and open wound on his buttocks that, according to Petitioner, requires specialist evaluation and treatment. Under the Fifth

Amendment, civil detention may not amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979). A condition or restriction of civil confinement that is arbitrary, purposeless, or excessive in relation to a legitimate nonpunitive objective is unconstitutional. *Id.* at 538–39. Due process likewise requires the exercise of professional judgment toward persons held in civil custody. *Youngberg v. Romeo*, 457 U.S. 307, 321–23 (1982). And where the Government takes a person into custody and renders him unable to care for himself, it assumes the constitutional obligation to provide necessary medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In this Circuit, a serious medical need includes one diagnosed as requiring treatment or one so obvious that even a lay person would recognize the need for medical attention, and the Constitution is violated when officials knowingly delay or deny necessary care for such a condition. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). Petitioner reports that he has repeatedly sought care for this condition while detained at Folkston D Ray ICE Processing Center but has not received timely specialist evaluation or definitive treatment. Counsel has also submitted an OPR/ODO complaint concerning Petitioner's reported medical neglect at Folkston D Ray ICE Processing Center. Ex. 4. If Petitioner's reported condition has not been timely referred for medically necessary specialist care, then continuing to confine him while denying or unreasonably delaying such care would subject him to conditions that are arbitrary, excessive, and punitive, and would depart from the professional judgment the Constitution requires. On Petitioner's account, detention at Folkston D Ray ICE Processing Center is preventing him from obtaining necessary specialist treatment and is exposing him to ongoing pain, worsening infection, and avoidable medical harm; if so, his continued confinement violates the Fifth Amendment and release is warranted to prevent further constitutional injury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner Khosrow Bakhshi respectfully requests that this Court:

A.  Issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 directing Respondents to release Petitioner from custody forthwith;

B.  Order Petitioner's immediate release from detention under an order of supervision with reasonable conditions pursuant to INA § 241(a)(3), 8 U.S.C. § 1231(a)(3), and 8 C.F.R. § 241.5, including because Petitioner's continued detention at Folkston D Ray ICE Processing Center is exacerbating his serious medical needs by denying him necessary specialist care for his reported infection and open wound on his buttocks;

C.  In the alternative, order Respondents to show cause within a date certain why Petitioner should not be released, and conduct an evidentiary hearing on the question of whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future;

D.  Declare that Petitioner's continued detention is unlawful under INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), to the extent that provision governs Petitioner's detention, as interpreted by Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 543 U.S. 371 (2005), and otherwise violates the Fifth Amendment and governing limits on civil immigration detention;

E.  Declare that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution;

F.  Order Respondents to promptly produce Petitioner's relevant medical records, including any sick-call requests, medication administration records, nursing notes, provider notes, wound-care documentation, diagnostic orders and results, and any outside-referral requests, approvals, denials, or scheduling records relating to Petitioner's reported infection and open wound on his buttocks, and to facilitate, if necessary, a declaration from a knowledgeable medical provider or records custodian sufficient to identify the treatment provided to date and whether specialist evaluation has been requested, recommended, approved, denied, or delayed;

G.  Award Petitioner his costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

H.  Grant such other and further relief as this Court deems just and proper.

## VIII. VERIFICATION

I, Khosrow Bakhshi, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing statements of fact are true and correct to the best of my knowledge, information, and belief.

Executed on May 21, 2026.

Khosrow Bakhshi, Petitioner

## IX. ATTORNEY SIGNATURE

Dated: May 27, 2026

Respectfully submitted,

Martin S. High
GA Bar No. 746889; S.C. Bar No. 102735;
OK Bar No. 20725; TX Bar No. 24108819
**Martin S. High, P.C.**
PO Box 33190
Clemson, SC 29633-3190
T: (864) 300-2444
marty@martyhigh.com
*Counsel for Petitioner Khosrow Bakhshi*

## X. CERTIFICATE OF SERVICE

I, Martin S. High, do certify that on May 27, 2026, a copy of this filing was served upon filing this petition pursuant to the IN RE: AGREEMENT ON ACCEPTANCE OF SERVICE entered into by Margaret E. Heap, United States Attorney, Southern District of Georgia and John E. Triplett, Clerk of Court, U.S. District Court, Southern District of Georgia dated Mar. 3, 2026 upon the following:

**Warden, Folkston D Ray ICE Processing Center**
3262 Highway 252
Folkston, GA 31537-2635

**Kristen Sullivan, Acting Field Office Director**
Atlanta Field Office
U.S. Immigration and Customs Enforcement
180 Ted Turner Dr. SW STE 522
Atlanta, GA 30303-3709

**Todd Lyons, Director, U.S. Immigration and Customs Enforcement**
U.S. Department of Homeland Security
500 12th Street SW
Washington, D.C. 20536-5098

**Markwayne Mullin, Secretary, U.S. Department of Homeland Security**
2707 Martin Luther King Jr. Avenue SE
Washington, D.C. 20528-1008

**Todd Blanche, Acting Attorney General of the United States**
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, D.C. 20530-0009

**Margaret Heap, United States Attorney**
Southern District of Georgia
22 Barnard St Ste 300
Savannah, GA 31401-2522

_Martin S. High_
_____
Martin S. High

Page 20 of 20