**FORMAL COMPLAINT TO THE**

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

**OFFICE OF PROFESSIONAL RESPONSIBILITY (OPR)**

**AND OFFICE OF DETENTION OVERSIGHT (ODO)**

**RE: MEDICAL NEGLECT OF DETAINED NONCITIZEN**

**KHOSROW BAKHSHI, A# 221-394-565**

**FOLKSTON ICE PROCESSING CENTER, FOLKSTON, GEORGIA**

**Date: April 23, 2026**

---

## SECTION I: COMPLAINANT INFORMATION

| | |
|---|---|
| **Complainant Name:** | **Martin S. High** |
| **Title/Organization:** | **Martin S. High, P.C.** |
| **Address:** | **PO Box 33190, Clemson, SC 29633-3190** |
| **Telephone:** | **864.300.2444** |
| **Email:** | **marty@martyhigh.com** |
| **Relationship to Detainee:** | **Attorney of Record** |
| **Bar Number (if applicable):** | **EOIR No.: OO543401; SC Bar #102735; OK Bar #20725, TX Bar # 24108819; GA 746889** |

---

## SECTION II: DETAINEE INFORMATION

| | |
|---|---|
| **Full Name:** | **Khosrow Bakhshi** |
| **Alien Registration Number (A#):** | **221-394-565** |
| **Date of Birth:** | **Jul. 23, 1991** |

**Country of Citizenship:**        **Afghanistan**

**Current Facility:**        **Folkston ICE Processing Center, Folkston, Georgia**

**Facility Operator:**        **The GEO Group, Inc.**

**Housing Unit/Pod:**        **K-5**

**Date of Detention:**        **February, 23, 2025**

**ERO Field Office:**        **ICE ERO Atlanta Field Office**

---

# SECTION III: SUMMARY OF COMPLAINT

This formal complaint is filed pursuant to U.S. Immigration and Customs Enforcement detention oversight mechanisms to report ongoing, severe medical neglect of Mr. Khosrow Bakhshi at the Folkston ICE Processing Center, Folkston, Georgia. Mr. Bakhshi has suffered from a severe infected abscess on his buttock, characterized by significant inflammation and active purulent drainage, for approximately one year. Despite repeated sick-call requests submitted by Mr. Bakhshi, facility medical staff have provided wholly inadequate responses, failing to deliver appropriate diagnostic evaluation, specialist referral, or definitive treatment commensurate with the severity and chronicity of his condition. This pattern of neglect constitutes violations of multiple provisions of the Performance-Based National Detention Standards 2011 (Revised 2016) ("PBNDS 2011") and may constitute deliberate indifference to serious medical needs in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

---

# SECTION IV: FACTUAL BACKGROUND

### A. The Medical Condition

1. Mr. Bakhshi has suffered from a severe infected abscess located on his buttock for approximately one year.

**2.** The abscess exhibits significant inflammation, active purulent drainage, and persistent pain.

**3.** An untreated or inadequately treated abscess of this duration and severity poses serious medical risks including, but not limited to: systemic infection (sepsis), cellulitis, osteomyelitis, bacteremia, fistula formation, and chronic wound complications.

**4.** The condition has caused Mr. Bakhshi significant physical suffering and has impaired his ability to sit, sleep, and perform daily activities.

## B. Sick-Call Requests and Facility Response

**5.** Mr. Bakhshi has submitted repeated sick-call requests to facility medical staff seeking evaluation and treatment of the abscess.

**6.** Upon information and belief, Mr. Bakhshi's sick-call requests have been met with inadequate responses, including but not limited to:

    A.  Superficial wound assessments without comprehensive diagnostic workup;

    B.  Failure to order appropriate diagnostic imaging or laboratory studies (e.g., wound culture and sensitivity, complete blood count, inflammatory markers);

    C.  Failure to provide adequate antibiotic therapy or, if prescribed, failure to ensure appropriate duration and follow-up;

    D.  Failure to perform or arrange incision and drainage (I&D) by a qualified medical provider;

    E.  Failure to refer Mr. Bakhshi to a specialist (e.g., general surgeon, wound care specialist, or infectious disease specialist) for definitive evaluation and treatment; and

    F.  Failure to develop and implement a comprehensive treatment plan commensurate with the severity and chronicity of the condition.

**7.** The facility's repeated failure to provide adequate medical care over a period of approximately one year demonstrates a pattern of deliberate indifference to Mr. Bakhshi's serious medical needs.

### C. Current Status

**8.** As of the date of this complaint, Mr. Bakhshi continues to suffer from the infected abscess without adequate treatment.

**9.** The prolonged duration of this condition without definitive treatment places Mr. Bakhshi at imminent risk of serious and potentially life-threatening medical complications.

## SECTION V: VIOLATIONS OF PBNDS 2011 (REVISED 2016)

### A. Standard 4.3 — Medical Care

**10.** PBNDS 2011 (Rev. 2016), Standard 4.3, requires that "[d]etainees shall have access to a continuum of health care services, including screening, prevention, health education, diagnosis and treatment."

**11.** The standard further requires that facilities provide "medically necessary and appropriate" care and that medical staff respond to detainee health care needs in a timely and competent manner.

**12.** Standard 4.3, Section V.J, requires that detainees with chronic or acute conditions receive ongoing medical monitoring and treatment consistent with accepted community standards of care.

**13.** Standard 4.3, Section V.K, requires appropriate referrals to outside medical specialists when the facility cannot provide the level of care required.

**14.** The facility's failure to adequately diagnose, treat, or refer Mr. Bakhshi's severe infected abscess over the course of approximately one year constitutes a clear and ongoing violation of Standard 4.3.

### B. Standard 4.3, Section V.D — Sick Call

15. PBNDS 2011 (Rev. 2016), Standard 4.3, Section V.D, requires that detainees have daily access to sick call and that qualified medical professionals evaluate and treat detainees who submit sick-call requests in a timely manner.

16. Despite Mr. Bakhshi's repeated sick-call submissions, medical staff have failed to provide evaluations and treatments that meet the standard of care required under PBNDS 2011.

### C. Standard 4.3, Section V.M — Emergency Care

17. A severe infected abscess with active drainage and inflammation persisting for approximately one year, without adequate treatment, constitutes a condition requiring urgent medical intervention.

18. The facility's failure to recognize the urgent nature of Mr. Bakhshi's condition and to provide emergency or expedited care constitutes a violation of the emergency care provisions of Standard 4.3.

### D. Standard 2.13 — Staff-Detainee Communication

19. PBNDS 2011 (Rev. 2016), Standard 2.13, requires that facility staff maintain open channels of communication with detainees, including with respect to medical concerns.

20. Upon information and belief, the facility's failure to adequately respond to Mr. Bakhshi's repeated medical complaints reflects a systemic breakdown in staff-detainee communication regarding health care needs.

### E. Standard 6.2 — Grievance System

21. PBNDS 2011 (Rev. 2016), Standard 6.2, requires that facilities maintain a formal grievance system and respond to detainee grievances in a timely and substantive manner.

22. Upon information and belief, Mr. Bakhshi has exhausted or attempted to utilize available grievance mechanisms without obtaining adequate medical care, reflecting a failure of the facility's grievance resolution process.

## SECTION VI: SYSTEMIC CONTEXT — FOLKSTON ICE PROCESSING CENTER

**23.** The Folkston ICE Processing Center, operated by The GEO Group, Inc., has been the subject of documented, systemic deficiencies in medical care delivery.

**24.** A January 2025 ODO compliance inspection (Report No. 2025-001-067) identified deficiencies at the facility, including issues related to care standards.

**25.** Federal inspectors have documented that medical staff at Folkston have acted "beyond safe limits," contributing to at least one detainee death—that of Jaspal Singh, a 57-year-old Indian national who died in April 2024 after medical staff delayed treatment for chest pain during his nine-month detention.

**26.** Advocacy organizations, including Asian Americans Advancing Justice, have described conditions at Folkston as reflecting "systemic breaches" by The GEO Group of its contractual obligations to operate in accordance with ICE detention standards.

**27.** Despite these documented violations and the death of Mr. Singh, ICE awarded The GEO Group a new $47 million contract to expand the Folkston facility, raising serious concerns about the adequacy of oversight and accountability mechanisms.

**28.** Mr. Bakhshi's experience of prolonged medical neglect is consistent with the systemic pattern of deficient medical care documented at this facility and underscores the urgent need for independent oversight and corrective action.

## SECTION VII: CONSTITUTIONAL CONSIDERATIONS

**29.** Civil immigration detainees are protected by the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits conditions of confinement

that amount to punishment. *See Youngberg v. Romeo*, 457 U.S. 307 (1982); *Bell v. Wolfish*, 441 U.S. 520 (1979).

**30.** The failure to provide adequate medical care to a detained noncitizen, when the government is aware of a serious medical need and fails to act, may constitute deliberate indifference in violation of the Fifth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (Eighth Amendment standard applied analogously to civil detainees through the Fifth Amendment); *Charles v. Orange County*, 925 F.3d 73 (2d Cir. 2019).

**31.** Mr. Bakhshi's severe infected abscess, persisting for approximately one year with active inflammation and drainage, constitutes an objectively serious medical condition. The facility's prolonged failure to provide adequate treatment, despite repeated sick-call requests and knowledge of the condition, reflects subjective deliberate indifference to that condition.

**32.** This complaint is filed without prejudice to Mr. Bakhshi's right to pursue all available legal remedies, including but not limited to habeas corpus relief under 28 U.S.C. § 2241, claims under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671–2680), and *Bivens* actions for constitutional violations.

## SECTION VIII: REQUESTED ACTIONS

**33.** The complainant respectfully requests that OPR and ODO take the following actions:

A. Immediately investigate the medical care provided to Mr. Khosrow Bakhshi, A# 221-394-565, at the Folkston ICE Processing Center;

B. Order the immediate comprehensive medical evaluation of Mr. Bakhshi by a qualified physician, including appropriate diagnostic workup (wound culture and sensitivity, CBC, CRP/ESR, imaging as clinically indicated);

C.  Ensure Mr. Bakhshi's immediate referral to an appropriate outside specialist (general surgeon, wound care specialist, or infectious disease specialist) for definitive evaluation and treatment of the abscess;

D.  Preserve and produce all medical records, sick-call requests, grievance filings, and communications relating to Mr. Bakhshi's medical care at the Folkston ICE Processing Center;

E.  Conduct a comprehensive review of medical care delivery at the Folkston ICE Processing Center, with particular attention to compliance with PBNDS 2011 (Rev. 2016), Standard 4.3;

F.  Initiate corrective action against facility medical staff and The GEO Group, Inc. for violations of PBNDS 2011 identified herein;

G.  Consider whether conditions of medical care at the Folkston ICE Processing Center warrant transfer of Mr. Bakhshi to a facility capable of providing adequate medical care;

H.  Provide the complainant with written notification of the receipt, investigation, and resolution of this complaint pursuant to applicable ICE policies and procedures.

## SECTION IX: CERTIFICATION AND SIGNATURE

*"I hereby certify that the information contained in this complaint is true and correct to the best of my knowledge, information, and belief, and that this complaint is filed in good faith for the purpose of securing appropriate medical care for the above-named detainee."*

**Dated:**                              April 23, 2026

*Martin S. High*

**Printed Name:** Martin S. High
**Title:** Attorney of Record
**Organization:** Martin S. High, P.C.
**Bar Number:** EOIR No.: OO543401; SC Bar #102735; OK Bar #20725, TX Bar # 24108819; GA 746889

## SECTION X: SUBMISSION INFORMATION

This complaint is submitted to:

**ICE Office of Professional Responsibility (OPR)**

Integrity Coordination Center

Email: ICEOPRIntake@ice.dhs.gov

**ICE Office of Detention Oversight (ODO)**

U.S. Immigration and Customs Enforcement

500 12th Street, S.W.

Washington, D.C. 20536

**DHS Office of Inspector General (OIG),** 245 Murray Lane SW, Washington, DC 20528-0305

**cc:**

Kristen Sullivan, Acting Field Office Director, 180 Ted Turner Dr. SW, Suite 522, Atlanta, GA, 30303

Sen. Jon Ossoff, Hart Senate Office Building, Ste 317, Washington, DC 20510

Asian Americans Advancing Justice – Atlanta, 5680 Oakbrook Pkwy suite 148, Norcross, GA 30093.

— END OF COMPLAINT —